### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) **CLARENCE JAMES VANSANDT,** **III,** | ) ) |
| 2) **MANDEE JAMES-VANSANDT,** **f/k/a JAMES, Individually, and** | ) ) |
| 3) **MANDEE VANSANDT on behalf of** **T.J., a minor child,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| | ) **Case No. 15-CV-620-JED-FHM** |
| **v.** | ) ) |
| **SARAH PASSMORE, D.O.,** | ) ) |
| **Defendant.** | ) |

### OPINION AND ORDER

The Court has for its consideration the following three motions filed by defendant Sarah Passmore: defendant's Motion to Dismiss All Claims of Plaintiff Mandee James-Vansandt (Doc. 8), defendant's Motion to Dismiss Claims of Plaintiff Mandee Vansandt on Behalf of T.J., a Minor Child (Doc. 9), and defendant's Motion to Dismiss Claim of Plaintiff Clarence James Vansandt, III (Doc. 10). The plaintiffs have opposed each motion.

### I.    Background

Plaintiffs Clarence James Vansandt III ("Mr. Vansandt") and Mandee James-Vansandt ("Mrs. Vansandt") in her individual capacity and on behalf of her minor child, T.J., bring this lawsuit against defendant Dr. Sarah Passmore, D.O., a physician at St. Francis Hospital in Tulsa for actions arising out of medical services Dr. Passmore provided to T.J. in January 2013.   In January 2013, Mr. and Mrs. Vansandt were dating but not yet married.   Mrs. Vansandt is the natural mother of T.J., who was born on August 14, 2012.  (Doc. 2-1 at 309-10, ¶¶ 1-6).

On January 12, 2013 and January 14, 2013, Dr. Passmore provided medical care to T.J. after he was transported to St. Francis Hospital from Claremore Hospital for treatment of a

swollen spot on his head.  (*Id.* at 308, ¶ 10).  T.J. was five months old at the time.  (*Id.* at 307, ¶

6).  Plaintiffs allege that Dr. Passmore misdiagnosed T.J. with shaken baby syndrome by failing

to properly consider medical evidence of T.J.'s metabolic bone disease and bone fragility

associated with rickets disorder.  As a result of Dr. Passmore's diagnosis, T.J. was placed in

Department of Human Services ("DHS") custody on January 12, 2013 and DHS subsequently

initiated a criminal investigation.  (*Id.* at 308-09, ¶¶ 11-12).  Dr. Passmore later acknowledged

that T.J.'s injuries were not consistent with shaken baby syndrome and changed her diagnosis to

abusive head trauma.  (*Id.* at 310, ¶ 14).  Based upon the new diagnosis, plaintiffs were charged

in Rogers County District Court case CF-2013-202 with child abuse by injury and child neglect.

After an eight day criminal trial, plaintiffs were found not guilty.  (*Id.*).  Plaintiffs also allege that

Dr. Passmore "caused an emergency order to be issued and a deprived petition to be filed in

Rogers County Case No. JD-2013-01."  (*Id.* at 311, ¶ 17).

        Mr. Vansandt, as the sole plaintiff, originally filed this lawsuit in the Rogers County

District Court on August 7, 2014, alleging Oklahoma state law claims for malicious prosecution

and intentional infliction of emotional distress.  Mr. Vansandt was subsequently granted leave to

amend his petition to add the claims of Mrs. Vansandt both individually and on behalf of T.J.

The First Amended Petition was filed on October 1, 2015.  Dr. Passmore then filed her Notice of

Removal on October 28, 2015 based on federal question jurisdiction created by the First

Amended Petition.  (Doc. 2).

        The lawsuit asserts the following claims on behalf of all three plaintiffs: (1) an Oklahoma

state law claim for malicious prosecution of Mr. and Mrs. Vansandt in a criminal proceeding and

a deprived child proceeding, (2) an Oklahoma state law claim for intentional infliction of

emotional distress caused by Dr. Passmore's alleged misdiagnosis of T.J., and (3) a claim for

malicious prosecution under 42 U.S.C. § 1983.  Mrs. Vansandt, both individually and on behalf of T.J., brings a 42 U.S.C. § 1983 claim that T.J. was wrongfully removed in violation of Mrs. Vansandt's and T.J.'s Fourth and Fourteenth Amendment rights.

## II.    Legal Standard

In considering a Rule 12(b)(6) dismissal motion, a court must determine whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require "a short and plain statement of the claim to show that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The standard does "not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555-56, 570 (citations omitted).  The *Twombly* pleading standard is applicable to all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).  For the purpose of making the dismissal determination, a court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to the plaintiff.  *See Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

## III.    Discussion

### A. Defendant's Motion to Dismiss All Claims of Plaintiff Mandee James-Vansandt (Doc. 8)

Dr. Passmore's first Motion to Dismiss argues that each of the four claims should be dismissed as to Mrs. Vansandt.  Specifically, Dr. Passmore argues that Mrs. Vansandt's claims of malicious prosecution, intentional infliction of emotional distress, and improper removal are

barred by the applicable statutes of limitations, and that Mrs. Vansandt fails to state a claim of malicious prosecution under 42 U.S.C. § 1983. In response, Mrs. Vansandt does not dispute that the statutes of limitations have run as to her first three claims, but asserts that they may still be brought under the relation back doctrine, or alternatively, under the continuing violations doctrine. (Doc. 14 at 1). Mrs. Vansandt also argues that Dr. Passmore erred in applying the proper statute of limitations for her § 1983 malicious prosecution claim.

1. **Mrs. Vansandt's 42 U.S.C. § 1983 wrongful removal claim and Oklahoma state claims for malicious prosecution and intentional infliction of emotional distress**

As Mrs. Vansandt does not dispute the untimeliness of her 42 U.S.C. § 1983 wrongful removal claim and state law malicious prosecution and intentional infliction of emotional distress claims, the Court will only assess the applicability of the relation back doctrine or the continuing violations doctrine.

First, Mrs. Vansandt argues that her claims "relate back" to the original petition filed in state court and are thus not barred. In response, Dr. Passmore argues that the relation back doctrine is inapplicable to Mrs. Vansandt's claims. Rule 15(c)(1) of the Federal Rules of Civil Procedure allows for an amendment to a pleading to "relate back" to the date of the original pleading where:

**(A)**    the law that provides the applicable statute of limitations allows relation back;

**(B)**    the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

**(C)**    the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

  **(i)**  received such notice of the action that it will not be prejudiced in defending on the merits; and

  **(ii)**  knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15.  Although the plain language of Fed. R. Civ. P. 15(1)(C) appears to suggest that the relation back doctrine only applies to amendments adding a defendant, not a plaintiff, as in the present case, case law suggests that the doctrine also extends to the subsequent addition of plaintiffs.  *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010) ("Rule 15(c)(1)(C) . . . is not limited to the circumstance of a plaintiff filing an amended complaint seeking to bring in a new defendant.").  Mrs. Vansandt acknowledges, however, that such case law in the Tenth Circuit is "sparse."  (Doc. 14 at 11).

  Rule 15(c)(1)(B) makes clear that an amendment to a pleading will relate back if it "asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  However, an amendment "does not relate back 'when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'"  *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) (quoting *Mayle v. Felix,* 545 U.S. 644, 650, (2005)).  Likewise, a "new pleading cannot relate back if the effect of the new pleading "is to fault [the defendants] for conduct different from that identified in the original complaint," even if the new pleading "shares some elements and some facts in common with the original claim."  *Id.* (quoting *United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.,* 608 F.3d 871, 881 (D.C. Cir. 2010)).  "'[A]n amendment that seeks to add a new plaintiff who asserts an entirely different claim will not relate back . . . .  As long as the original complaint gives defendant adequate notice, an amendment

relating back is proper even if it exposes defendant to greater damage." *Rojas v. Westco Framers LLC*, 2015 WL 6164061, at *3 (D. Colo. Oct. 21, 2015) (quoting 6A Fed. Prac. & Proc. Civ. § 1501 (3d ed.) (footnotes omitted)).

The Eastern District of Oklahoma has approved of the following four-factor test from *Olech v. Vill. of Willowbrook*, 138 F. Supp. 2d 1036 (N.D. Ill. 2000),  in assessing whether the addition of claims by new plaintiffs relates back to the original pleading: "whether or not (1) the new plaintiff's claim arose out of the 'same conduct, transaction or occurrence' set forth in the original complaint; (2) the new plaintiff shares an 'identity of interest' with the original plaintiff; (3) the defendants have 'fair notice' of the new plaintiff's claim; and (4) the addition of the new plaintiff causes the defendants prejudice." *Plummer v. Farmers Grp., Inc.*, 388 F. Supp. 2d 1310, 1316 (E.D. Okla. 2005) (quoting *Olech*, 138 F. Supp. 2d at 1042)).

Based on the above principles, the Court finds that Mrs. Vansandt's state law claims of malicious prosecution and intentional infliction of emotional distress relate back to the original pleading because these claims are identical to those originally alleged against Dr. Passmore. Under the four-factor test, it is clear that (1) the claims arose out of the same conduct, transaction or occurrence as those in the original complaint, (2) Mrs. Vansandt, as Mr. Vansandt's wife and the natural mother of T.J., shares an identity of interest with him, (3) Dr. Passmore was on notice of these claims because they were formerly alleged against her in the original complaint, and (4) the Court cannot find any prejudice by adding Mrs. Vansandt as a plaintiff.

By contrast, Mrs. Vansandt's 42 U.S.C. § 1983 wrongful removal claim is an entirely new claim and is premised upon allegations not contained in the original complaint. Specifically, the wrongful removal claim alleges that Dr. Passmore conspired with the Rogers County DHS and law enforcement to deprive Mrs. Vansandt of her liberty interests and due

process rights under the Fourth and Fourteenth Amendments by wrongfully removing T.J. from her custody. (Doc. 2-1 at 313, ¶25).  The claim further alleges that Dr. Passmore was acting "under the color of law" in conspiring with DHS and law enforcement. (*Id.* at 314, ¶ 26).  Dr. Passmore was provided no notice that she would be facing this type of claim from a new plaintiff, and as a result, allowing this claim to relate back would cause Dr. Passmore undue prejudice.  Moreover, the Tenth Circuit has stated that the relation back doctrine does not apply to amendments seeking to add a new plaintiff who asserts an entirely different claim.  *See Full Life Hospice, LLC*, 709 F.3d at 1018 (quoting 6A Fed. Prac. & Proc. Civ. § 1501 (3d ed.)). Accordingly, the Court concludes that Mrs. Vansandt's § 1983 wrongful removal claim does not relate back to the original complaint.

Nor does the continuing violations doctrine save Mrs. Vansandt's § 1983 wrongful removal claim. The Tenth Circuit has repeatedly declined to hold that the continuing violation doctrine applies to § 1983 claims.  *See, e.g.*, *Mata v. Anderson*, 635 F.3d 1250, 1253 (10th Cir. 2011).  However, it has held that "'[a]ssuming the continuing violation doctrine applies to § 1983 claims, the doctrine is triggered by continual unlawful acts, not by continual ill effects from the original violation.'" *Id.* (quoting *Parkhurst v. Lampert*, 264 F. App'x 748, 749 (10th Cir. 2008) (unpublished) (internal quotations omitted)).  In *Mata*, the Tenth Circuit held that the continuing violations doctrine did not apply where the plaintiff merely alleged one unlawful act in support of his § 1983 First Amendment retaliatory prosecution claim.  *Id.*  The same facts are present in this case—Mrs. Vansandt has only alleged that Dr. Passmore conspired with DHS and law enforcement, and thus cannot use the continuing violations doctrine to hold Dr. Passmore

liable for "continual ill effects" from the original asserted violation. *See id.*  Accordingly, Mrs. Vansandt's § 1983 wrongful removal claim is time barred.[1]

### 2. Mrs. Vansandt's 42 U.S.C. § 1983 malicious prosecution claim

Dr. Passmore argues that Mrs. Vansandt fails to state a malicious prosecution claim under 42 U.S.C. § 1983.  In response, plaintiff misstates Dr. Passmore's argument as one premised on the statute of limitations and in doing so, fails to respond to Dr. Passmore's Motion.

"A plaintiff does not state a claim actionable under § 1983 unless he satisfies the requirements of an analogous common law tort." *Pierce v. Gilchrist*, 359 F.3d 1279, 1290 (10th Cir. 2004).  The Tenth Circuit has held that a § 1983 malicious prosecution claim includes the following elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008).  In a Fourth-Amendment malicious-prosecution case, "the third element deals only with the probable cause determination during the institution of legal process . . . ." *Id.*

The First Amended Petition states that Dr. Passmore violated plaintiffs' "rights secured by the 4th Amendment to the U.S. Constitution by causing the Plaintiffs to be maliciously prosecuted." (Doc. 2-1 at 314, ¶ 28).  The First Amended Petition further states that "[a]s a result

---

[1] For the reasons discussed, the Court determines that Mrs. Vansandt's § 1983 wrongful removal claim brought on behalf of T.J. is also barred by the statute of limitations because T.J.'s claim is premised on the same factual allegations.  (*See* Doc. 2-1 at 313-314, ¶¶ 24-27).  Despite the fact that Dr. Passmore did not file a motion to dismiss this claim as to T.J., the Court may raise this issue because Mrs. Vansandt has had notice and opportunity to address the statute of limitations argument.  *Cf. Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009) (stating that in pro se § 1983 actions, a court may not *sua sponte* dismiss a claim on timeliness grounds unless it is clear that there are no meritorious tolling issues, or the plaintiff has been provided notice and opportunity to be heard on the issue).

of the false diagnosis, Plaintiffs were charged in Rogers County case CF-2013-202 with the crimes of child abuse by injury and child neglect and after an 8 day jury trial and numerous attorney fees, expert witness fees and other expenses, Plaintiffs were exonerated and found not guilty." (Doc. 2-1 at 310, ¶ 14).

Although Dr. Passmore has not raised this issue, the Court finds that Mrs. Vansandt cannot state a claim for relief because she has not alleged that she was "seized" within the meaning of the Fourth Amendment.  A plaintiff, in asserting a Fourth Amendment malicious prosecution claim, must show that she was seized. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (plurality).  The Tenth Circuit has stated that "[i]n our cases analyzing malicious prosecution under § 1983, we have always proceeded based on a seizure by the state—arrest or imprisonment." *Becker v. Kroll*, 494 F.3d 904, 914 (10th Cir. 2007) (declining to expand Fourth Amendment liability to cases where the plaintiff was not arrested or incarcerated).   "A groundless charging decision may abuse the criminal process, but it does not, in and of itself, violate the Fourth Amendment absent a significant restriction on liberty." *Id.* at 915.  The Tenth Circuit has held that being forced to attend a criminal trial does not impose such a restriction on liberty.  *Lewis v. Rock*, 48 F. App'x 291, 294 (10th Cir. 2002) (unpublished) (plaintiff was not seized for the purposes of his Fourth Amendment malicious prosecution claim because "only deprivations of liberty sustained by Lewis [were] that he had to attend two trials; he had to appeal his harassment convictions after one of the trials; and he was fingerprinted . . .")

Plaintiffs' First Amended Petition contains no allegations that any plaintiff, including Mrs. Vansandt, was arrested or incarcerated.  Accordingly, Mrs. Vansandt has failed to put forth sufficient evidence showing that she was seized for purposes of the Fourth Amendment and her claim cannot stand.

In sum, Dr. Passmore's Motion to Dismiss (Doc. 8) is **granted** as to Mrs. Vansandt's § 1983 claims but **denied** as to the Oklahoma state law claims.

### B. Dr. Passmore's Motion to Dismiss Claims of Plaintiff Mandee Vansandt on Behalf of T.J., a Minor Child (Doc. 9)

Dr. Passmore's Motion to Dismiss argues that the Mrs. Vansandt's Oklahoma state law and 42 U.S.C. § 1983 malicious prosecution claims on behalf of T.J. should be dismissed under Fed. R. Civ. P. 12(b)(6) because T.J. was not a defendant to the criminal case nor the civil deprivation proceedings as required under the first element of malicious prosecution. (Doc. 9 at 6). In response, Mrs. Vansandt argues that T.J. is a proper party to these claims. (Doc. 13 at 10). Specifically, Mrs. Vansandt quotes from Okla. Stat. tit. 10, § 1-4-01 and without any analysis or legal support, states that the "broad provisions" of the statute "clearly placed T.J. as a party for the deprived action." (Doc. 13 at 11). She then relies on *Limone v. United States*, 579 F.3d 79 (1st Cir. 2009) for the proposition that children are able to recover for the malicious prosecution of their parents in criminal proceedings. (*Id.*). For the reasons discussed below, the Court finds no merit to Mrs. Vansandt's arguments.

The first element for a malicious prosecution claim under Oklahoma and federal law requires that "the defendant caused the *plaintiff's continued confinement or prosecution*." *Wilkins*, 528 F.3d at 799 (italics added). Dr. Passmore cites the jury instruction elements for malicious prosecution based on a criminal action, the first of which requires that a prosecution based on a criminal offense is commenced against the plaintiff. OUJI-CIV § 16.1. Similarly, the Oklahoma Uniform Jury Instruction for malicious prosecution based on a civil action requires "[t]he bringing of the original action by [Defendant] against [Plaintiff]." OUJI-CIV § 16.2. It is clear that T.J. was not a defendant in a criminal proceeding nor a civil deprivation proceeding

and thus cannot establish the first element of a malicious prosecution claim under Oklahoma and federal law.

The Court also finds Mrs. Vansandt's arguments to be unavailing. As Dr. Passmore properly notes, the First Circuit in *Limone* did not find that the plaintiffs, wrongfully convicted individuals and the family of deceased wrongfully convicted individuals, could establish claims for malicious prosecution of criminal proceedings against them. Mrs. Vansandt thus has no authority for the proposition that T.J. is a party to a malicious prosecution claim for a former criminal proceeding. Likewise, the Oklahoma statutory provision cited by plaintiff provides no support for the fact that T.J. was a *defendant* in the deprived proceeding. While he may have had interests in the proceedings, he was certainly not a defendant.

Accordingly, Mrs. Vansandt's claims of malicious prosecution on behalf of T.J. under both state and federal law must be dismissed. Dr. Passmore's Motion to Dismiss (Doc. 9) is hereby **granted**.

### C. Dr. Passmore's Motion to Dismiss Claim of Plaintiff Clarence James Vansandt, III (Doc. 10)

Dr. Passmore's Motion to Dismiss requests the Court to dismiss Mr. Vansandt's claim of malicious prosecution pursuant to 42 U.S.C. § 1983. Mr. Vansandt's Response asserts that "the same reasons that negated the motion to dismiss the malicious prosecution claim in State Court also preclude dismissal of the federal counterpart." (Doc. 12 at 2). However, Mr. Vansandt fails to acknowledge the requirement that a plaintiff alleging a § 1983 malicious prosecution claim premised on the Fourth Amendment, unlike a state malicious prosecution claim, is required to show that he was seized. *Becker*, 494 F.3d at 914. Accordingly, for the same reasons as discussed in the Court's discussion of Mrs. Vansandt's § 1983 malicious prosecution claim, which is based on identical factual assertions, the Court finds that Dr. Passmore's Motion as to

11

Mr. Vansandt should be granted.  Specifically, the plaintiffs have alleged no facts that Mr. Vansandt was seized within the meaning of the Fourth Amendment.  Thus, Dr. Passmore's Motion to Dismiss Claim of Plaintiff Clarence James Vansandt, III (Doc. 10) is **granted**.

### D.  Subject-Matter Jurisdiction

"Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.,* 546 U.S. 500 (2006)).

Given the Court's finding that plaintiffs' wrongful removal claim is barred by the statute of limitations and their § 1983 malicious prosecution claim fails to state a claim, the only remaining claims in this case are the two Oklahoma state law claims for malicious prosecution and intentional infliction of emotional distress.  Accordingly, federal question jurisdiction no longer exists and the Court does not have subject-matter jurisdiction over this matter.  *See* 28 U.S.C. § 1331; *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) ("A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." (citations and quotations omitted)). The case is therefore remanded to state court.

**IT IS THEREFORE ORDERED** that Dr. Passmore's Motion to Dismiss All Claims of Plaintiff Mandee James-Vansandt (Doc. 8) is **granted in part** and **denied in part**, as set forth above, and Dr. Passmore's Motion to Dismiss Claims of Plaintiff Mandee Vansandt on Behalf of

T.J., a Minor Child (Doc. 9) and Dr. Passmore's Motion to Dismiss Claim of Plaintiff Clarence James Vansandt, III (Doc. 10) are **granted**.

**It IS FURTHER ORDERED** that this case is **remanded** to the Rogers County, Oklahoma District Court.

**SO ORDERED** this 20th day of September, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE